USDC IN/ND case 1:21-cv-00223-HAB-SLC   document 4   filed 03/29/21   page 1 of 4

02D01-2103-CT-000171

Filed: 3/29/2021 10:07 AM
Clerk
Allen County, Indiana
SW

Allen Superior Court1

| STATE OF INDIANA | ) | | IN THE ALLEN SUPERIOR COURT |
|---|---|---|---|
| | ) | SS: | |
| COUNTY OF ALLEN | ) | | CAUSE NO._____ |

| LEIAH OSBORNE, | ) |
|---|---|
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FSI VILLAGE GREEN | ) |
| PROPERTY, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, by counsel, alleges against Defendant that:

1. The Plaintiff is Leiah Osborne, a former employee of the Defendant and a resident of Fort Wayne Indiana at all material times to this Complaint.

2. The Defendant is FSI Village Green Property, LLC, d/b/a Canal Flats Apartments, a company doing business at 8045 Oriole Avenue, Fort Wayne Indiana 46804. At all material times to this Complaint, Defendant was an "employer" for purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").

3. Plaintiff filed and EEOC Charge of Discrimination on January 7, 2020, a copy of which is attached hereto, made a part hereof, and incorporated herein as Exhibit "A". The EEOC issued a Dismissal and Notice of Rights on December 29, 2020 (Exhibit "B"), and this Complaint has been filed within ninety (90) days after receipt thereof.

4. Plaintiff was employed by Defendant from April 2017 until her wrongful termination on or about January 3, 2020. Plaintiff performed within the reasonable expectations

–1–

**EXHIBIT A**

of the Defendant at all material times to this Complaint. Plaintiff held the position of Leasing Consultant at the time of her wrongful termination.

5. On December 11, 2019, Plaintiff was in Defendant's business office with her supervisor when the supervisor received a sex toy from a resident during business hours. After the supervisor stuck the toy on several objects in the office, he left the office briefly. The supervisor then returned and said to Plaintiff, "hey Leiah, do you want it? Merry Christmas!" He then tossed it on Plaintiff's desk in front of her. Plaintiff was insulted and disgusted. Plaintiff took a picture of the sex toy and then placed it in a drawer so neither she nor anyone else would have to look at it. Plaintiff then later spoke to colleagues about what to do about the offensive incident.

6. On December 13, 2019, Plaintiff e-mailed Defendant's Area Director about the incident. She later spoke with the Area Director about the incident, and that she had a photograph of the sex toy. Plaintiff was told to e-mail the picture to the Area Director along with an outline of the information she told him. She followed up by sending the requested e-mail to the Area Director on December 19, 2019.

7. On December 20, 2019, Defendant's Service Manager entered Plaintiff's office and was visibly upset. He asked Plaintiff if she e-mailed the Area Director about the sex toy incident, and then proceeded to verbally berate Plaintiff, calling her a "two faced, back-stabbing person", as well as other offensive words. At about the same time, Plaintiff's supervisor began texting and calling Plaintiff's cell phone and the office line. Shortly thereafter, he came into Plaintiff's office and questioned her about her e-mail to the Area Director. Plaintiff explained that she was just trying to do her job. At that

point, the two men left her office.

8. On January 3, 2020, Defendant terminated Plaintiff for allegedly sending an e-mail to her supervisor at 2:48 a.m. on December 21, 2019 demanding more pay and a new job. However, Defendant knew that no such e-mail had been sent by Plaintiff, and she was not on the premises or able to access work e-mails at that time of night, and in fact, Plaintiff never sent any such e-mail.

9. Plaintiff contends that the proffered reason for her termination was false and pretextual, and that in reality, she was discriminated against and terminated on the basis of her sex, and for reporting sexually-offensive behavior, in violation of Title VII.

10. Defendant's unlawful conduct was the direct and proximate cause of Plaintiff suffering the loss of her job and job-related benefits including income, and also subjected Plaintiff to inconvenience, mental anguish, emotional distress, and other damages and injuries.

11. Defendant's unlawful conduct was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights warranting an imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for compensatory damages, punitive damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

### JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:    (260) 424-0600
Facsimile:    (260) 424-0712
E-mail:       cmyers@myers-law.com
Counsel for Plaintiff